IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LLFLEX, LLC, | § |
| | § No. 186, 2021 |
| Defendant Below, | § |
| Appellant, | § Court Below: Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § C.A. No. N18C-07-231 |
| ALUMINUMSOURCE, LLC, | § |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: June 15, 2021
Decided: June 24, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1) The appellant, LLFlex, LLC, has petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the Superior Court's order dated May 19, 2021. The May 19 order permitted the appellee, AluminumSource, LLC, to amend its complaint.

(2) AluminumSource initiated the litigation in the Superior Court in July 2018, alleging that LLFlex's predecessor fraudulently induced AluminumSource's purchase of Alpha Aluminum, LLC (the "Company") by misrepresenting the

Company's estimated working capital, causing AluminumSource to overpay for the Company. AluminumSource also alleged that LLFlex's predecessor breached the purchase agreement by failing to provide the services of the Company's director of sales following closing as provided in the agreement and by withholding certain equipment that was necessary for the Company's operation. The Superior Court dismissed the initial complaint without prejudice on January 10, 2019.

(3) AluminumSource then filed an amended complaint, which also asserted claims for fraudulent inducement and breach of contract. After discovery, LLFlex moved for summary judgment. In a decision granting summary judgment on the claim for fraudulent inducement, the Superior Court queried why AluminumSource could not amend the complaint to state a claim for breach of contract arising out of the facts that it had alleged in support of its claim for fraudulent inducement. AluminumSource then filed a motion for leave to amend its complaint; LLFlex opposed the motion. The Superior Court granted the motion to amend, determining that the amended complaint did not allege new substantive facts and that LLFlex had notice of AluminumSource's position that the facts supported a claim for breach of contract. The court struck AluminumSource's claim for punitive damages and authorized LLFlex to take two additional depositions relating to the amended claim.[1]

---

[1] *AluminumSource, LLC v. LLFlex, LLC*, 2021 WL 1997893 (Del. Super. Ct. May 19, 2021).

(4) LLFlex asked the Superior Court to certify an interlocutory appeal. The Superior Court denied the application for certification.[2] The court held that its order allowing AluminumSource to amend its complaint did not decide a substantial issue of material importance because it did not go to the merits of the case.[3] The court further held that the application for certification did not satisfy any of the criteria of Rule 42(b)(iii). It rejected LLFlex's contention that interlocutory review would serve considerations of justice,[4] emphasizing the fact that the court granted LLFlex additional discovery to defend the amended claim. The court also observed that an interlocutory appeal would not terminate the litigation[5] or promote the most efficient and just resolution of the case[6] because the other claim remains to be tried.

(5) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[7] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior

---

[2] *AluminumSource, LLC v. LLFlex, LLC*, 2021 WL 2416563 (Del. Super. Ct. June 14, 2021).
[3] *Id.* at *3.
[4] DEL. SUPR. CT. R. 42(b)(iii)(H).
[5] *Id.* R. 42(b)(iii)(G).
[6] *Id.* R. 42(b)(iii).
[7] *Id.* R. 42(d)(v).

3

Court's decision do not exist in this case,[8] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[9]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] *Id.* R. 42(b)(ii).
[9] *Id.* R. 42(b)(iii).